UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAMEISHA GRIFFIN,

               Plaintiff,

- against -

HEALTHFIRST, INC., and
MICHELLE NUGENT, *Individually*,

               Defendants.
------------------------------------------------------------X

JUDGE ABRAMS 14 CV 4256

Case No.

COMPLAINT

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, TAMEISHA GRIFFIN, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the <u>Family and Medical Leave Act</u>, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the <u>New York City Human Rights Law,</u> Administrative Code § 8-107 *et seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being <u>Discriminated against</u> and <u>Terminated</u> by her employer solely due to her <u>Disability (Depression/Anxiety)</u> and for the purpose of <u>Interfering with Plaintiff's rights under the FMLA</u>.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 29 U.S.C. §2617, 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendants reside within the Southern District of New York, and the acts complained of occurred therein.

## PARTIES

5. That at all times relevant hereto, Plaintiff TAMEISHA GRIFFIN ("GRIFFIN") is a resident of the State of New York and County of Kings.

6. That at all times relevant hereto, Defendant HEALTHFIRST, INC. ("HEALTHFIRST") is a domestic not-for-profit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principle place of business located at 100 Church Street, New York, New York 10007.

7. That at all times relevant hereto, Plaintiff GRIFFIN was a full-time employee of Defendant HEALTHFIRST.

8. That at all times relevant hereto, Defendant MICHELLE NUGENT ("NUGENT") was an employee of Defendant HEALTHFIRST, holding the position of "Supervisor of Billing and Reconciliation."

9. That at all times relevant hereto, Defendant NUGENT was Plaintiff GRIFFIN's supervisor and/or had supervisory authority over Plaintiff GRIFFIN.

10. That at all times relevant hereto, Defendant HEALTHFIRST and Defendant NUGENT are collectively referred to herein as "Defendants."

11. Upon information and belief, Defendants employ fifty (50) or more employees within a seventy-five (75) mile radius.

12. Plaintiff GRIFFIN was an "eligible" employee under the FMLA when she took her medical leave of absence, as she had been employed by Defendants for at least twelve

2

(12) months and worked at least 1,250 hours within the past twelve (12) months.

13. The FMLA defines an "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any employees of such employer." <u>29 U.S.C. 26114(A)(ii)(i)</u>.

14. The Department of Labor regulations extend individually liability for FMLA violations to "corporate officers acting in the interest of an employer." <u>29 CFR 825.104(d)</u>.

## MATERIAL FACTS

15. On or about January 29, 2009, Plaintiff GRIFFIN began working for Defendants as a "Junior Accounts Receivable Analyst," earning approximately $15.16 per hour.

16. Throughout Plaintiff GRIFFIN's employment with Defendants, Plaintiff GRIFFIN was an exemplary employee, was never reprimanded, and always received compliments for her work performance.

17. In or about late-November 2013, Defendant NUGENT became Defendants' "Supervisor of Billing and Reconciliation" and thus also became Plaintiff GRIFFIN's direct supervisor.

18. **<u>In or about January 2014, everything changed when Plaintiff GRIFFIN informed Defendants that she was diagnosed with "Depression/Anxiety," and as a result, she would need to take a medical leave of absence.</u>**

19. On or about January 30, 2014, Plaintiff GRIFFIN applied for medical leave of absence pursuant to the FMLA due to her Depression/Anxiety and provided Defendants with a form completed by her psychiatrist, Dr. David Woo, MD.

20. On or about February 3, 2014, February 4, 2014, February 5, 2014, and February 11,

3

2014, Plaintiff GRIFFIN was forced to take the days off as a result of her depression symptoms.

21. **On or about February 14, 2014, Defendant NUGENT summoned Plaintiff GRIFFIN into a meeting and told her that if she is absent two (2) more times, she will be terminated**.

22. During this same meeting, Plaintiff GRIFFIN informed Defendant NUGENT that she had already applied for FMLA leave two (2) weeks prior. Defendant NUGENT seemed to be angry that Plaintiff GRIFFIN was going to exercise her rights under the FMLA and actually take a medical leave of absence.

23. On or about February 17, 2014, Defendant NUGENT instructed Plaintiff GRIFFIN to train a new employee in Defendants' Billing and Reconciliation Department.

24. On or about February 24, 2014, after receiving approval from Defendants, Plaintiff GRIFFIN officially began her FMLA leave due to her "Anxiety/Depression."

25. In fact, on or about March 2, 2014, Plaintiff GRIFFIN received a letter from Tamara Robinson, Defendants' Human Resources Coordinator, stating, "On 01/23/2014, you began taking leave due to Employee Serious Health Condition. It has come to my attention that you meet the requirements for Family and Medical Leave Act (FMLA) eligibility and the purpose of your leave is FMLA-qualifying. Accordingly, we will designate all leave taken for this purpose and your leave from 01/23/2014 through 04/25/2014 will be FMLA-protected leave."

26. **On or about March 3, 2014**, upon information and belief, **Defendant NUGENT put a new employee at Plaintiff GRIFFIN's desk and told her, "This is your permanent seat."**

4

27. **On or about March 6, 2014**, a mere week and a half after Plaintiff GRIFFIN began her FMLA leave, Elizabeth Audoin, Human Resources Vice-President, and Maria Guzman, Manager, called Plaintiff GRIFFIN, and without any warning, **suddenly terminated her employment** because they purportedly "found 38 uncashed money orders from January 2013 in your desk drawer."

28. This reason for termination was clearly **pretextual**, as Plaintiff GRIFFIN looked in this specific locked drawer on or about February 23, 2014 and found no money orders in the drawer. Moreover, Plaintiff GRIFFIN always deposited all money orders and/or checks that she received from Defendants.

29. It is clear that Defendant NUGENT was upset at Plaintiff GRIFFIN for taking days off for her Depression/Anxiety and ultimately exercising her rights under the FMLA, and thus fabricated this story of "finding uncashed money orders" in her drawer.

30. While Plaintiff GRIFFIN believes and asserts that Elizabeth Audoin, Human Resources Vice-President, and Maria Guzman, Manager, agreed with, condoned, ratified and acquiesced in all of the unlawful and discriminatory termination described in this Complaint, Defendant HEALTHFIRST would be liable even if Defendant NUGENT had used Elizabeth Audoin and Maria Guzman **as a "cat's paw"** in causing them to engage in unlawful actions against Plaintiff GRIFFIN and take adverse action against her, including but not limited to, termination of employment.

31. Upon information and belief, upon learning that Plaintiff GRIFFIN was diagnosed with Depression/Anxiety and would need to take a medical leave of absence pursuant to the FMLA, Defendant NUGENT made the decision to set Plaintiff GRIFFIN up for termination.

32. **Thus, on or about March 6, 2014, it is clear that Defendants discriminated against, and terminated the employment of, Plaintiff GRIFFIN solely due to her disability and to interfere with her right to take a medical leave of absence pursuant to the FMLA.**

33. Plaintiff GRIFFIN felt exceedingly offended, disturbed, and humiliated by this blatantly unlawful and discriminatory termination.

34. Plaintiff GRIFFIN began her FMLA leave on or about February 24, 2014, and because Plaintiff GRIFFIN was entitled to at least twelve (12) weeks of leave, she was not required to return to her job until on or about May 19, 2014. However, Defendants unlawfully terminated Plaintiff GRIFFIN's employment on or about March 6, 2014.

35. Defendants obviously did not like the fact that Plaintiff GRIFFIN took FMLA leave, and thus unlawfully terminated her employment in retaliation.

36. Defendants terminated Plaintiff GRIFFIN's employment because Defendants did not want to allow Plaintiff GRIFFIN to take the full twelve (12) weeks of leave for her serious health condition, in violation of the FMLA.

37. Defendants failed to allow Plaintiff GRIFFIN to return to the same or equivalent position she held following her leave for serious medical condition.

38. **But for the fact that Plaintiff GRIFFIN was disabled and exercised her rights under the FMLA, Defendants would not have terminated her employment.**

39. Defendants were also apparently apprehensive about keeping a disabled employee due to potential future doctors' appointments.

40. Plaintiff GRIFFIN's conditions are impairments that substantially limit one or more of her major life activities within the meaning of §12102(1)(A) of the ADA.

41. Plaintiff GRIFFIN is a qualified individual who can perform the essential functions of her employment with a reasonable accommodation as defined by §12111(8) of the ADA.

42. Defendants clearly but falsely believed that Plaintiff GRIFFIN's disability would interfere with her ability to perform her job duties in the future.

43. Plaintiff GRIFFIN's performance was, upon information and belief, above average during the course of her employment with Defendants.

44. Plaintiff GRIFFIN has been unlawfully discriminated against, humiliated, retaliated against, has been degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

45. **Defendants' actions and conduct were intentional and intended to harm Plaintiff GRIFFIN.**

46. As a result of Defendants' actions, Plaintiff GRIFFIN feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

47. As a result of the Defendants' discriminatory treatment of Plaintiff GRIFFIN, she has suffered severe emotional distress and physical ailments.

48. As a result of the acts and conduct complained of herein, Plaintiff GRIFFIN has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff GRIFFIN has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff GRIFFIN further experienced severe emotional and physical distress.

49. As a result of the above, Plaintiff GRIFFIN has been damaged in an amount in excess of the jurisdiction of the Court.

50. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff GRIFFIN demands Punitive Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR INTERFERENCE AND RETALIATION UNDER
### THE FAMILY AND MEDICAL LEAVE ACT

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

52. Section 2612(D) of the Family Medical Leave Act, states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period ... Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

53. Section 2615(a) of the Family Medical Leave Act, states in pertinent part: "Interference with rights. (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

54. Defendants discriminated against Plaintiff in retaliation for exercising her rights under the FMLA and for the sole purpose of interfering with her rights under the FMLA.

55. As such, Plaintiff has been damaged as set forth herein.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendant)

8

56. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

57. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

58. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

59. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

60. As such, Plaintiff has been damaged as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendant)

61. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

62. The ADA prohibits retaliation, interference, coercion, or intimidation.

63. 42 U.S.C. § 12203 provides:

   i. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
   ii. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on

       account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

64. Defendants violated this section as set forth herein.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

65. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. The New York City Administrative Code §8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

67. Defendants violated the section cited herein as set forth.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

68. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

69. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under this chapter, or attempt to do so."

70. Defendant NUGENT engaged in an unlawful discriminatory practice in violation of New

York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72. The New York City Administrative Code §8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        i. the employee or agent exercised managerial or supervisory responsibility; or

        ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

11

  iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

 c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an **independent contractor**, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

73. Defendants violated the section cited herein as set forth.

## JURY DEMAND

74. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the ADA, the FMLA, and the NYCHRL, by discriminating against Plaintiff on the basis of her disability and then unlawfully terminating her employment due to her disability and in retaliation for exercising her rights under the FMLA;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       June 9, 2014

                                             PHILLIPS & ASSOCIATES,
                                             ATTORNEYS AT LAW, PLLC

                                   By:       _____
                                             Alex Umansky, Esq.
                                             *Attorneys for Plaintiff*
                                             45 Broadway, Suite 620
                                             New York, New York 10006
                                             (212) 248-7431
                                             aumansky@tpglaws.com